UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

ALLIANCE GROUP SERVICES, INC.

           Plaintiff,

-against-

GRASSI & CO., CERTIFIED PUBLIC
ACCOUNTANTS, P.C.,

           Defendant.

Civil Action No. 3:02CV02080 (WWE)

---

### DECLARATION OF JOHN H. EICKEMEYER IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JOHN H. EICKEMEYER, an attorney admitted pro hac vice in this matter, hereby declares under penalty of perjury, pursuant to 28 U.S.C. §1746:

    1.    I am admitted pro hac vice in this matter and am a shareholder of Vedder, Price, Kaufman & Kammholz, P.C., attorneys for defendant Grassi & Co., Certified Public Accountants, P.C. ("Grassi"). I submit this Declaration in support of Grassi's motion for summary judgment dismissing the Complaint of plaintiff Alliance Group Services ("Alliance") with prejudice. I am fully familiar with the facts and circumstances set forth herein.

    2.    The arguments and authorities in support of Grassi's motion are set forth in the accompanying Memorandum and will not be repeated at length here. The purpose of this Declaration is to place before the Court certain pleadings, documents, and excerpts from deposition testimony taken in this action that are referred to in the Memorandum and that support Grassi's entitlement to summary judgment.

3. Annexed hereto as Exhibit A is a true and correct copy of the Complaint in this action, dated November 22, 2002.

4. Annexed hereto as Exhibit B is true and correct copy of Grassi's Answer to the Complaint in this action, dated January 15, 2003.

5. Annexed hereto as Exhibit C are the portions of the transcript of the deposition testimony of Jess DiPasquale, taken on August 7, 2003, which are cited in the Memorandum.

6. Annexed hereto as Exhibit D are the portions of the transcript of the deposition testimony of Michael Mallon, taken on November 5, 2003, which are cited in the Memorandum.

7. Annexed hereto as Exhibit E are the portions of the transcript of the deposition testimony of Mark Thomas, taken on December 10, 2003, which are cited in the Memorandum.

8. Annexed hereto as Exhibit F are the portions of the transcript of the deposition testimony of Carolyn Shannahan, taken on December 10, 2003, which are cited in the Memorandum.

9. Annexed hereto as Exhibit G are the portions of the transcript of the deposition testimony of Stuart Holden, taken on December 11, 2003, which are cited in the Memorandum.

10. Annexed hereto as Exhibit H are the portions of the transcript of the deposition testimony of Kevin McGann, taken on November 3, 2003, which are cited in the Memorandum.

11. Annexed hereto as Exhibit I are the portions of the transcript of the deposition testimony of Steven Graham, taken on December 18, 2003, which are cited in the Memorandum.

12. Annexed hereto as Exhibit J is a true and correct copy of the Carrier Service Agreement between Global Crossing Bandwidth, Inc. ("Global") and Alliance dated April 28, 2000.

13. Annexed hereto as Exhibit K is a true and correct copy of documents evidencing the placement of Alliance's $250,000 security deposit with Global.

14. Annexed hereto as Exhibit L is a true and correct copy of a reproduction of Global's June 26, 2000 invoice to Alliance that was generated by Global's accounting system in or about June 2002.

15. Annexed hereto as Exhibit M is a true and correct copy of Alliance's Balance Sheet Detail generated from Alliance's accounting system as of June 30, 2000.

16. Annexed hereto as Exhibit N is a true and correct copy of a facsimile transmission from Jess DiPasquale to Steven Graham dated June 5, 2000.

17. Annexed hereto as Exhibit O is a true and correct copy of Alliance's audited financial statement for year ended June 30, 2000.

18. Annexed hereto as Exhibit P are true and correct copies of e-mails between Global and Alliance in May and June 2002.

19. Annexed hereto as Exhibit Q are true and correct copies of 2003 Global invoices to Alliance.

20. Annexed hereto as Exhibit R is a true and correct copy of a Global invoice to Alliance dated April 25, 2003.

NEWYORK/#130524.1

21. Annexed hereto as Exhibit S is a true and correct copy of Alliance's Vendor Balance Summary dated June 30, 2000 and related documents as contained in Grassi's workpapers for the audit of Alliance's financial statement for the year ended June 30, 2000.

22. Annexed hereto as Exhibit T is a true and correct copy of a Global invoice to Alliance dated May 26, 2000.

I declare on this 4th day of February, 2004, under penalty of perjury that the foregoing is true and correct.

_____
John H. Eickemeyer, Esq.