**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                                           \*

ALLIANCE GROUP SERVICES, INC.,     \*  Case No. 3:02CV02080(WWE)
                                           \*

                    \*
                  Plaintiff    \*
      v.                 \*

                    \*
                    \*  March 25, 2004
GRASSI & CO., CERTIFIED PUBLIC  \*
ACCOUNTANTS, P.C.           \*

                    \*
               Defendant.   \*

                    \*
                    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>DECLARATION OF JOHN SWANSINGER IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

John Swansinger, an attorney admitted pro hac vice in this matter, hereby declares, under penalty of perjury and pursuant to 28 USC Section 1746:

1.  I am admitted pro hac vice in this matter and am a member of Ritzler, Coughlin & Swansinger, Ltd., attorneys for Alliance Group Services, Inc. ("AGSi"). I am submitting this Declaration in opposition to Grassi & Company's ("Grassi") Motion for Summary Judgment. I am fully familiar with the facts and circumstances as set forth herein.

2.  The arguments and authorities in opposition to Grassi's motion are set forth in AGSi's Brief in Opposition to Defendant's Motion for Summary Judgment and are fully incorporated herein by reference. The purpose of this declaration is to place before the

Court certain documents and deposition transcripts taken in this action and which are

referenced in the Brief in Opposition and which show Grassi is not entitled to summary

judgment in this matter as material questions of fact remain.

3.  Attached hereto as **Exhibit A** is a true and exact copy of AGSi' expert report by Jim

    Gerro of Hobe and Lucas.

4.  Attached hereto as **Exhibit B** is a true and exact copy of Grassi's expert report by

    Conrad Kappel of Blum Shapiero Litigation Consulting Group, LLC.

5.  Attached hereto as **Exhibit C** is a true and exact copy of Mr. Gerro's reply to the opinion

    of Mr. Kappel.

6.  Attached hereto as **Exhibit D** is the deposition transcript of Carol Shannahan.

7.  Attached hereto as **Exhibit E** is the deposition transcript of Kevin McGann.

8.  Attached hereto as **Exhibit F** is the deposition transcript of Jess DiPasquale.

9.  Attached hereto as **Exhibit G** is the deposition transcript of Steven Manhaupt.

10. Attached hereto as **Exhibit H** is the deposition transcript of Monte Colbert.

11. Attached hereto as **Exhibit I** is the deposition transcript of Hongling Zhang a.k.a. "Linda".

12. Attached hereto as **Exhibit J** is the deposition transcript of Michael Mallon.

13. Attached hereto as **Exhibit K** is the deposition transcript of Ronnie Conigliaro.

14. Attached hereto as **Exhibit L** is the deposition transcript of Steven Graham.

15. Attached hereto as **Exhibit M** is the deposition transcript of Mark Thomas.

16. Attached hereto as **Exhibit N** is the deposition transcript of  Stuart Holden.

17. Attached hereto as **Exhibit O** is a true and exact copy of the Inherent Risk and Combined Risk Assessment form as provided to AGSi in the course of discovery as part of Grassi's workpapers.

18. Attached hereto as **Exhibit P** is a true and exact copy of the Fraud Risk Assessment form as provided to AGSi in the course of discovery as part of Grassi's workpapers.

19. Attached hereto as **Exhibit Q** is a true and exact copy of the Control Environment form as provided to AGSi in the course of discovery as part of Grassi's workpapers.

20. Attached hereto as **Exhibit R** is a true and exact copy of the General Planning Procedures form as provided to AGSi in the course of discovery as part of Grassi's workpapers.

21. Attached hereto as **Exhibit S** is a true and exact copy of the Supervision, Review and Approval form as provided to AGSi in the course of discovery as part of Grassi's workpapers.

22. Attached hereto as **Exhibit T** is a true and exact copy of the Financial Statement Materiality Worksheet For Planning Purposes dated November 11, 2000 as provided to AGSi in the course of discovery as part of Grassi's workpapers.

23. Attached hereto as **Exhibit U** is a true and exact copy of the Financial Statement Materiality Worksheet For Planning Purposes dated April 25, 2001 as provided to AGSi in the course of discovery as part of Grassi's workpapers.

24. Attached hereto as **Exhibit V** is a true and exact copy of AGSi's June 30, 2000 financial statements as audited by Grassi.

25. Attached hereto as **Exhibit W** is a true and exact copy of the alternative procedures as stated on Grassi's worksheet which was provided to AGSi in the course of discovery as part of Grassi's workpapers.

4

5

26. Attached hereto as **Exhibit X** is a true and exact copy of the June 26, 2000 Global Crossing invoice as was later obtained by AGSi when the dispute arose as to the existence of such deposit.

27. Attached hereto as **Exhibit Y** is a true and exact copy of AGSi's June 30, 2000 tax return as prepared by Grassi.

28. Attached hereto as **Exhibit Z** is a true and exact copy of AGSi's March 31, 2001 financial statements as reviewed by Grassi.

I declare on this 25th day of March 2003, under penalty of perjury that the foregoing is true and correct.

_____

John Swansinger, Esq.